IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
SPARTANBURG DIVISION

| | | |
|---|---|---|
| Ryan Cowsert, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 7:20-cv-3178-TMC |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| Southern Custard LLC, a/k/a Andy's Frozen Custard, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |

      Plaintiff Ryan Cowsert, who was represented by counsel at the time, brought this action under Title VII of the Civil Rights Act of 1964. (ECF No. 1-1 at 6–10). Defendant then removed the action to this court. (ECF No. 1). In accordance with 28 U.S.C. § 636(b)(1)(A) and Local Civil Rule 73.02(B)(2)(g) (D.S.C.), this matter was referred to a magistrate judge for all pretrial proceedings. On December 16, 2020, Plaintiff's attorneys filed a motion to withdraw as counsel on the basis that Plaintiff refused to return their emails and telephone messages, precluding them from responding to outstanding discovery or moving the case forward. (ECF No. 25). On January 5, 2021, the magistrate judge granted the motion to withdraw and stayed the case for thirty (30) days for Plaintiff to obtain replacement counsel. (ECF No 27). The magistrate judge admonished Plaintiff that if he did not obtain counsel within this time, the court would assume Plaintiff was proceeding *pro se*. *Id*. No attorney appeared on Plaintiff's behalf, and the stay expired.

      On February 8, 2021, Defendant served Plaintiff with still-outstanding discovery requests it had previously served in October 2020 and requested that Plaintiff respond within fourteen (14) days. (ECF No. 35-2). Defendant also served Plaintiff with requests to admit. *Id*. Plaintiff never responded to these discovery requests.

On March 29, 2021, Defendant moved for judgment as a matter of law under Rule 12(c) of the Federal Rules of Civil Procedure ("FRCP"). (ECF No. 35). The magistrate judge issued an order pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), warning Plaintiff of the possible consequences of failing to respond adequately to Defendant's dispositive motion. (ECF No. 37). When Plaintiff did not respond, the magistrate judge *sua sponte* granted additional time to respond and advised Plaintiff that the failure to do so would result in dismissal for failure to prosecute. (ECF No. 39). Plaintiff, however, did not file any response.

On June 16, 2021, the magistrate judge issued a report and recommendation ("Report") recommending that the complaint be dismissed under Rule 41(b) for failure to prosecute in light of the factors set forth in *Davis v. Williams*, 588 F.2d 69, 70 (4th Cir. 1978). (ECF No. 41). Plaintiff was advised of his right to file objections to the Report and of the consequences of failing to do so. *Id*. at 5. Additionally, the magistrate judge advised Plaintiff that if he notified the court—within the time for filing objections—of his desire to continue with the litigation, the Report would be vacated, and Plaintiff would be allowed to proceed. *Id*. at 4. Plaintiff, however, did not file objections or otherwise indicate a desire to continue this action, and the time to do so has now run.

The magistrate judge's recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. *Wimmer v. Cook*, 774 F.2d 68, 72 (4th Cir. 1985) (quoting *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976)). Nevertheless, "[t]he district court is only required to review *de novo* those portions of the report to which specific objections have been made, and need not conduct *de novo* review 'when a party makes general and conclusory objections that do not direct the court to a specific error in the magistrate judge's proposed findings and recommendations.'" *Farmer v. McBride*, 177 Fed. App'x 327, 330–31 (4th Cir. April 26, 2006) (quoting *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th

Cir. 1982)). The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1). However, in the absence of specific objections to the Report and Recommendation, this Court is not required to give any explanation for adopting the recommendation. *Greenspan v. Brothers Prop. Corp.*, 103 F. Supp. 3d 734, 737 (D.S.C. 2015) (citing *Camby v. Davis*, 718 F.2d 198, 199–200 (4th Cir. 1983)).

Thus, having thoroughly reviewed the Report and the record under the appropriate standards and, finding no clear error, the court **ADOPTS** the Report in its entirety (ECF No. 41), and incorporates it herein. Accordingly, the court **DISMISSES** the Complaint without prejudice pursuant to Rule 41(b) for failure to prosecute.

**IT IS SO ORDERED.**

    s/Timothy M. Cain
    Honorable Timothy M. Cain
    United States District Judge

August 5, 2021
Anderson, South Carolina

**NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.